United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
John J. Dougherty  
     Debtor

Case No. 19-10930-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: JEGilmore     Page 1 of 1     Date Rcvd: Oct 03, 2019  
                      Form ID: pdf900     Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 05, 2019.  
db          +John J. Dougherty,    313 Patricia Lane,    Aldan, PA 19018-3739

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg          E-mail/Text: megan.harper@phila.gov Oct 04 2019 03:07:10     City of Philadelphia,  
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,  
               Philadelphia, PA  19102-1595  
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 04 2019 03:06:53  
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,  
               Harrisburg, PA  17128-0946  
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 04 2019 03:07:05     U.S. Attorney Office,  
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404  
                                                                                                                              TOTAL: 3

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2019                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 3, 2019 at the address(es) listed below:  
         KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank National Association, as trustee, on behalf  
          of the holders of the Asset Backed Pass-Through Certificates, Series RFC 2007-HE1  
          bkgroup@kmllawgroup.com  
         MICHAEL A. CATALDO2    on behalf of Plaintiff John J. Dougherty ecf@ccpclaw.com,  
          igotnotices@ccpclaw.com  
         MICHAEL A. CATALDO2    on behalf of Debtor John J. Dougherty ecf@ccpclaw.com,  
          igotnotices@ccpclaw.com  
         MICHAEL A. CIBIK2    on behalf of Debtor John J. Dougherty ecf@ccpclaw.com,  
          igotnotices@ccpclaw.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                                                                       TOTAL: 6

*Stip does not directly affect plan confirmation 10/1/2019*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John J. Dougherty <br>     Debtor | CHAPTER 13 |
| U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 <br>     Movant <br> vs. | NO. 19-10930 ELF |
| John J. Dougherty <br>     Debtor <br><br> Geraldine Pomilio <br>     Co-Debtor <br><br> William C. Miller Esq. <br>     Trustee | 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,758.08**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2019 to August 2019 at $1,420.03 /month |
| Suspense Balance: | $1,342.07 |
| **Total Post-Petition Arrears** | **$5,758.08** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on September 1, 2019 and continuing through February 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,420.03** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$959.68** towards the arrearages on or before the last day of each month at the address below;

SELECT PORTFOLIO SERVICING, INC.
ATTN: REMITTANCE PROCESSING
P.O. BOX 65450
SALT LAKE CITY, UTAH 84165-0450

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

- 1 -

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 16, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 8/28/19

_Michael A. Cataldo_ X _John J. Dougherty_
Michael A. Cataldo, Esquire
Attorney for Debtors

Date: 10/1/2019

_William C. Miller_
William C. Miller, Esquire    NO OBJECTION
Chapter 13 Trustee    *without prejudice to any
trustee rights and remedies.

- 2 -

Approved by the Court this <u>3rd</u> day of <u>October</u>, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

- 3 -